Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| WILSON ARIAS AVILÉS Y OTROS<br><br>Apelado<br><br>VS.<br><br>YANG ENTERPRISES Y OTROS<br><br>Apelante<br><br>-----------------------------<br>WILSON ARIAS AVILÉS Y OTROS<br><br>Apelante<br><br>VS.<br><br>YANG ENTERPRISES Y OTROS<br><br>Apelado | TA2025AP00502<br><br><br><br>CONSOLIDADO CON<br><br>TA2025AP00504 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Caso Núm.<br><br>HA2021CV00151<br><br>Sala: 101<br><br>Sobre:<br><br>DESPIDO INJUSTIFICADO (LEY NÚM. 80) Y OTROS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos, Yang Enterprises, Inc., (en adelante, Yang o apelante-querellado), en el recurso de apelación TA2025AP00502, para que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia de Hatillo, el 21 de octubre de 2025 y notificada al día siguiente. Mediante la misma, el foro primario declaró *Ha Lugar* una querella en cuanto al despedido injustificado al amparo de lo dispuesto en la Ley sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.*, según enmendada, (en adelante, Ley Núm, 80) incoada por el señor Wilson Arias Avilés, la señora Carmen Iraida Osoria Morán, la Sociedad Legal de Gananciales compuesta por ambos, y sus hijos

Wilson Omar Arias Osoria y Kelvin Arias Osoria (en adelante, los querellantes).

Por otro lado, el señor Wilson Arias Avilés, la señora Carmen Iraida Osoria Morán y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, apelantes-querellantes), comparecen ante nosotros por medio del recurso de apelación TA2025AP00504 y nos solicitan que revisemos la referida *Sentencia* en la cual el Tribunal de Primera Instancia declaró *No Ha Lugar* una reclamación al amparo de la Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.* (en adelante, Ley Núm. 100) y la Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194 *et seq.* (en adelante, Ley Núm. 115) de la querella instada por éstos.

Por los fundamentos que expondremos a continuación, se *confirma* la sentencia apelada.

### -I-

El 9 de agosto de 2021, los querellantes presentaron la querella de epígrafe.[1] En la misma, alegaron que el señor Wilson Arias Avilés (en adelante, el señor Arias Avilés) se había desempeñado durante diecisiete (17) años como gerente de Environmental Health and Security en el Observatorio de Arecibo. Indicaron que, durante los últimos tres años en que el señor Arias Avilés desempeñó sus funciones, éste laboró bajo la supervisión de la compañía de Yang. Sostuvieron que las evaluaciones relacionadas con su desempeño fueron excelentes. Añadieron, además, que el salario devengado por el señor Arias Avilés ascendía aproximadamente a $92,000.00 al año.

---

[1] Apéndice del recurso, Entrada Núm. 1, págs. 1-8.

En el pliego, adujeron que, tras el colapso del plato del Observatorio de Arecibo, el señor Arias Avilés comenzó a recibir unas alegadas denuncias por robo. Sobre ello, indicaron que el 28 de mayo de 2021, el Licenciado Mike Sonnenschine, llamó a Arias Avilés para notificarle que estaba bajo una investigación sobre un presunto robo de una placa de bronce que no aparecía. Según expresaron, el 4 de junio de 2021, le entregaron al señor Arias Avilés una carta de despido en la cual se indicaba que, tras unas investigaciones internas, éste iba a ser removido de su empleo por razón de violación a las normas de la compañía. Según alegaron, se le acusó al señor Arias Avilés por haber robado y vendido una placa de bronce sin presentar evidencia sobre ello. Indicaron por igual, que previo al despido no se le formularon preguntas, ni se le ofreció la oportunidad de discutir la investigación en su contra, tampoco se le entregaron memorandos relacionados a la misma. Ante estos acontecimientos, los querellantes adujeron que el despido del señor Arias Avilés fue uno injustificado al amparo de la Ley Núm. 80, *supra*, que fue discriminado a razón de edad bajo la Ley Núm. 100, *supra* y que el despedido se produjo en represalia, en contravención a la Ley Núm. 115, *supra*.

Al amparo de lo anterior, los querellantes solicitaron el pago de la mesada conforme a la Ley Núm. 80, *supra*, por la suma de $138,000.00; indemnización por angustias mentales bajo la Ley Núm. 100, *supra*, ascendente a $276,000.00; daños y angustias mentales al amparo de la Ley Núm. 115, *supra*, por $50,000.00; la restitución al puesto de trabajo o, en su defecto, el salario dejado de devengar por cuatro años para un total de $368,000.00; así como compensaciones adicionales por angustias mentales de $25,000.00 para la co-querellante Carmen Iraida Osoria Morán, $10,000.00 para el co-querellante Wilson Omar Arias Osoria y $10,000.00 para el co-querellante Kelvin Arias Osoria, junto con una disculpa pública

ante el personal que fueran sus subalternos para salvaguardar la reputación y carrera profesional del señor Arias Avilés.

En respuesta, el 23 de agosto de 2021, Yang presentó su *Contestación a Querella*.[2] En síntesis, sostuvo que la referida querella no exponía la reclamación que justificara un remedio. Adujo que sus actuaciones estuvieron sustentadas en fundamentos legítimos. Expuso, además, que la obligación de indemnizar a un empleado despedido no era absoluta, sino que surge cuando la persona fue despedida por capricho o sin justa causa. Indicó que, el despido del señor Arias Avilés fue uno justificado por las querellas realizadas contra este respecto al alegado robo, luego del desplome del plato del Observatorio de Arecibo. En cuanto al discrimen por edad, planteó que no existía fundamento alguno para sostener que Yang hubiera discriminado contra el señor Arias Avilés, por lo cual no existía causa bajo la Ley Núm. 100, *supra*. Sostuvo por igual, que no existía una causa de acción bajo la Ley Núm. 115, *supra*, debido a que Yang no tomó ninguna decisión adversa en represalia en contra del señor Arias Avilés. Añadió que los daños reclamados carecían de sustento, por lo que los querellantes no tenían derecho a los remedios solicitados. Así, Yang solicitó que se declarara *No Ha Lugar* la querella de epígrafe.

Tras varios incidentes procesales, el 12 de julio de 2022, Yang presentó *Moción de Yang Enterprises Inc. en Solicitud de Sentencia Sumaria Parcial del Reclamo de Discrimen por Edad y Represalias y los Contingentes de sus Familiares*.[3] En esencia, sostuvo que se debía desestimar las reclamaciones del señor Arias Avilés, en cuanto al discrimen por edad bajo la Ley Núm. 100, *supra* y las represalias bajo la Ley Núm. 115, *supra*. Además, solicitó la desestimación de las reclamaciones de los querellantes, ello por entender que dichos

---

[2] *Íd.*, Entrada Núm. 5 págs. 1-19.
[3] *Íd.*, Entrada Núm. 54 págs. 1-59.

reclamos por daños son accesorios y contingentes a que el señor Arias Avilés prevalezca en su acción de discrimen.

En reacción, el 15 de agosto de 2022, los querellantes presentaron *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial*.[4] Mediante la misma, plantearon que el presente caso contenía hechos en controversia. En particular, argumentaron que bajo reclamaciones de discrimen y represalias no procedía dictar sentencia por la vía sumaria. Por lo que, solicitaron que el juzgador continuara examinando el caso.

Cónsono a lo anterior, las partes presentaron múltiples mociones respecto a la solicitud de sentencia sumaria. Sobre ello, el 8 de agosto de 2023, el foro primario emitió una *Resolución*,[5] en la cual determinó que, evaluadas las respectivas mociones presentadas por las partes, existían controversias de hechos, razón por la cual el Tribunal se veía imposibilitado de resolver el presente caso por la vía sumaria.

Luego de varias incidencias procesales innecesarias de pormenorizar, los días 22 al 24 y del 27 al 31 de enero, así como el 5 de febrero de 2025 se celebró Juicio en su fondo. En lo que concierne al asunto que nos ocupa, comparecieron a testificar, entre otros: el señor Arias Avilés; la señora Evelyn S. Otero Concepción y el Licenciado Mike D. Sonneschein.[6]

Evaluados los planteamientos de las partes, el 21 de octubre de 2025, notificada el 22 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia* apelada. Mediante esta, el foro primario declaró *Ha Lugar* la querella de epígrafe en cuanto a la violación bajo la Ley Núm. 80, *supra*, por entender que el despido del señor Arias Avilés fue uno injustificado. Respecto a las causas

---

[4] *Íd.*, Entrada Núm. 63 págs. 1-38.
[5] *Íd.*, Entrada Núm. 95 págs. 1-23.
[6] *Íd.*, Entrada Núm. 192 págs. 1-34.

de acción al amparo de la Ley Núm. 115, *supra* y la Ley Núm. 100, *supra*, el foro primario determinó *No Ha Lugar*. En consecuencia, declaró *No Ha Lugar* las causas de acción a favor de la señora Carmen Iraida Osoria Morán y la Sociedad Legal de Gananciales al ser contingente a la reclamación de discrimen.

Inconforme, el 31 de octubre de 2025, el apelante-querellado radicó el presente *Recurso de Apelación* (TA2025AP00502), mediante el cual hizo el siguiente señalamiento de error:

Erró el TPI al concluir que el despido del querellante fue injustificado.

En igual fecha, los apelantes-querellantes presentaron su *Recurso de Apelación* (TA2025AP00504), en el mismo plantearon los siguientes señalamientos de error:

Erró el Honorable Tribunal de Primera Instancia al entender que el reclamante no estableció un caso prima facie de represalias mediante evidencia circunstancial, ya que no existía nexo causal entre el despido de este y el haber hecho las expresiones ante la JCA, aún cuando la proximidad temporal era nexo causal suficiente de acuerdo a la jurisprudencia de la Ley 115.

Erró el Honorable Tribunal de Instancia al determinar, en su sentencia, que el despido de la parte recurrente aunque injustificado y en contravención con la Ley 80, no fue en represalia al denunciar ante personal de la Junta de Calidad Ambiental que la compañía con quien había acordado previamente un plan de disposición y manejo de plomo se había alejado del mismo en violación a las disposiciones de la JCA.

Evaluados ambos recursos y luego de entender sobre el expediente que nos ocupa, así como las transcripciones de los procedimientos orales ante el foro primario, procedemos a expresarnos.

*-II-*

*-A-*

La Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la Ley de Indemnización por Despido Injustificado, 29 LPRA sec. 185 *et seq.* ("Ley Núm. 80"), fue creada con el propósito

de atender todo lo relacionado al despido de trabajadores en la empresa privada y las circunstancias en que un patrono así lo puede hacer. *Feliciano Martes v. Sheraton,* 182 DPR 368 (2011); *Rivera Figueroa v. The Fuller Brush Co.,* 180 DPR 894, 904 (2011). La Ley Núm. 80 se aprobó "con el fin primordial de proteger de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido". *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 424 (2013) citando, la Exposición de Motivos de la Ley Núm. 80. En esencia, dicha ley establece que todo empleado que sea despedido de su cargo, sin que haya mediado justa causa, tendrá derecho a recibir de su patrono una compensación conocida como la mesada. Artículo 1 de la Ley 80, 29 LPRA sec. 185a; *Méndez Ruiz v. Techno Plastics,* 2025 TSPR 68, 216 DPR __ (2025); *Rivera Figueroa v. The Fuller Brush Co., supra,* pág. 905.

Por estar ante una legislación de naturaleza reparadora, los tribunales están obligados a interpretar la Ley Núm. 80 de manera liberal a favor de los derechos del trabajador, resolviendo toda duda a favor del obrero para así cumplir con sus propósitos eminentemente sociales y reparadores. *Rivera Figueroa v. The Fuller Brush Co., supra,* pág. 906; *Whittenburg v. Col. Ntra. Sra. Del Carmen,* 182 DPR 937, 951 (2011). La Ley Núm. 80 también tiene una función coercitiva y, un objetivo desalentador contra el capricho patronal. *Íd.* Por tanto, la Ley Núm. 80 tiene un valioso propósito social y coercitivo, a saber, sancionar que un patrono despida a su empleado o empleada, salvo que demuestre una causa justificada para ello. *Jusino et al., v. Walgreens,* 155 DPR 560, 571 (2001); Véase, además, *Romero v. Cabrer Roig,* 191 DPR 643, 653 (2014).

**-B-**

Por otra parte, la Ley Núm. 115 del 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194 *et seq.,* también conocida como la "Ley contra el Despido Injusto o Represalia a todo empleado por ofrecer testimonio ante el foro administrativo, legislativo o judicial", dispone que ningún patrono podrá despedir, amenazar o discriminar contra un empleado, porque ofrezca o intente ofrecer verbalmente o por escrito cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial. La prohibición se extiende al testimonio, expresión o información que el empleado ofrezca o intente ofrecer en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad. No obstante, las expresiones cobijadas no pueden ser difamatorias ni sobre información privilegiada protegida por ley. Quien alegue la protección de ley, puede instar su reclamación en un término de tres años desde que ocurrió la violación. Además de solicitar una compensación por los daños sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, los beneficios y honorarios de abogado. Si la reclamación prospera, el patrono tendrá que pagar el doble de la compensación por los daños y salarios dejados de devengar. 29 LPRA sec. 194(a)(b).

La Ley Núm. 115, *supra*, se aprobó con el propósito de proteger a los trabajadores contra potenciales represalias por parte de los patronos, motivadas por el ofrecimiento de algún testimonio o alguna información ante ciertos foros. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668-669 (2017). Particularmente, el Artículo 2(a) de la precitada legislación establece que:

> Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado

ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

29 LPRA sec. 194b.

En aras de compeler su cumplimiento, la Ley Núm. 115, *supra,* creó una causa de acción a favor de los trabajadores. Al presentar su causa de acción, el empleado tiene dos (2) vías probatorias para establecer una causa de acción por represalias: (1) mediante evidencia directa o circunstancial que demuestre un nexo causal entre la conducta del demandado y el daño sufrido; y (2) mediante evidencia indirecta donde debe establecer un caso *prima facie* de represalias. *Velázquez Ortiz v. Mun. de Humacao, supra,* a la págs. 670-671. De optar por la vía indirecta, el empleado debe presentar evidencia que demuestre que (1) participó en una actividad protegida por la precitada ley y (2) que fue subsiguientemente despedido, amenazado o discriminado en su contra por su patrono. *Rivera Menéndez v. Action Services*, 185 DPR 431, 445 (2012).

### -III-

Vistos y examinados en su totalidad los recursos de apelación TA2025AP00502 y TA2025AP00504, consolidados para fines de la adecuada administración de la justicia, este Tribunal concluye que ninguno de los errores señalados por las partes en dichos recursos se configuran al analizar el expediente, las transcripciones y la sentencia recurrida. El Tribunal de Primera Instancia evaluó de manera cuidadosa y razonada la prueba que tuvo ante sí, y sus determinaciones de hecho —numerosas, detalladas y sustentadas en el récord, 293 en total— no adolecen de arbitrariedad ni carecen

de fundamento probatorio que justifique una intervención de este Foro.

Con relación al señalamiento del apelante-querellado dirigido a impugnar la determinación del foro primario de que el despido del señor Arias Avilés fue injustificado conforme a la Ley Núm. 80, observamos, como lo hizo el Tribunal de Primera Instancia, que la prueba presentada por el patrono no logra acreditar la existencia de justa causa. Surge del expediente que no se radicó querella alguna ante la Policía de Puerto Rico vinculada al alegado hurto de una placa de bronce perteneciente al Observatorio de Arecibo, incidente que el patrono invocó como fundamento para el despido. Según el testimonio del Licenciado Sonnenschein, quien se desempeñaba como Consejero General, Vicepresidente de Contratos y Director de Recursos Humanos, la pieza en controversia reapareció el 7 de junio de 2021, con posterioridad al despido del señor Arias Avilés, sin que surgiera evidencia que lo relacionara con su desaparición. Del testimonio del propio señor Arias Avilés aflora, además, que nunca recibió memorandos, advertencias ni señalamientos previos sobre el incidente imputado, jamás fue llamado a prestar testimonio en la investigación interna conducida por Yang y que la determinación de despido le fue comunicada por vía telefónica, tomándolo totalmente por sorpresa, seguido de una instrucción inmediata para recoger sus pertenencias y retirarse del lugar acompañado por personal de seguridad.

La ponderación de la prueba testifical presentada por las partes fue igualmente insuficiente para sostener la imputación que fundamentó la terminación de empleo. El señor Jorge Peraza Ocasio, coordinador de seguridad, declaró que no observó al señor Arias Avilés sustraer u ofrecer en venta la placa de bronce. El señor Carlos García, empleado, manifestó que nunca recibió ofrecimiento alguno para comprar la pieza. Por su parte, la señora Glenda García,

también empleada, expresó que cualquier mención del objeto se produjo en un contexto casual, "como quien ofrece un café", en palabras de su testimonio, sin indicio de intención de venta o ánimo de lucro. Incluso el oficial de seguridad José Herrera únicamente mencionó haber escuchado que una pieza se había extraviado, sin atribuir, directa o indirectamente, responsabilidad al señor Arias Avilés. Esta totalidad de la prueba —escuchada, evaluada y consignada por el foro primario— no demuestra violación a reglamento alguno que pueda constituir justa causa bajo la Ley Núm. 80.

En cuanto al reclamo instado por los apelantes-querellantes bajo la Ley Núm. 115, alegando que el despido fue en represalia por expresiones ante la Junta de Calidad Ambiental, este Tribunal coincide con el foro primario en que no se configuró un caso *prima facie* de represalias. La mera proximidad temporal entre las alegaciones ambientales y el despido no constituye por sí sola evidencia suficiente de nexo causal, particularmente cuando el expediente carece de prueba —ya sea documental, testifical o circunstancial— que demuestre que el patrono tenía conocimiento de tales expresiones, que dichas expresiones motivaron preocupación patronal, o que influyeron, directa o indirectamente, en la determinación de terminación de empleo. Ante la absoluta ausencia de un vínculo probado entre ambos eventos, no puede sostenerse que el Tribunal de Primera Instancia errara en su apreciación.

Examinar este expediente en su totalidad conduce a una única conclusión: el Tribunal de Primera Instancia evaluó correctamente la prueba, realizó determinaciones de hecho debidamente fundamentadas y aplicó de manera adecuada el derecho vigente. Así, este Tribunal determina que en ninguno de los recursos consolidados se acreditan los errores señalados; por el

contrario, la sentencia apelada refleja un ejercicio razonado y acorde con el derecho, tanto en lo referente a la inexistencia de justa causa de despido conforme a la Ley Núm. 80, como en la ausencia de los elementos necesarios para sostener un reclamo de represalias bajo la Ley Núm. 115.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, este Tribunal confirma íntegramente la sentencia emitida por el Tribunal de Primera Instancia y declara sin lugar los señalamientos de error presentados por las partes en los recursos TA2025AP00502 y TA2025AP00504. Se deja firme la conclusión de que el despido del señor Arias Avilés fue injustificado, y que no se configuró causa de acción de represalias al amparo de la Ley Núm. 115.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones